Enzo Der Boghossian (SBN 211351)
ederboghossian@proskauer.com
PROSKAUER ROSE LLP
2049 Century Park East, 32nd Floor
Los Angeles, CA 90067-3206
Telephone: (310) 557-2900
Facsimile: (310) 557-2193

Howard Shapiro (*admitted pro hac vice*)
howshapiro@proskauer.com
Robert W. Rachal (*admitted pro hac vice*)
rrachal@proskauer.com
PROSKAUER ROSE LLP
650 Poydras Street
Suite 1800
New Orleans, LA 70130
Telephone: (504) 310-4085
Facsimile: (504) 310-2022

*Attorneys for Defendants Infonet Services
Corp., BT Americas, Inc., BT Americas
Holdings, Inc., and the Infonet
Supplemental Executive Retirement Plan*

Richard K. Howell (SBN 144241)
rhowell@rutan.com
Gerard Mooney (SBN 222137)
gmooney@rutan.com
RUTAN & TUCKER, LLP
611 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-1931
Telephone: (714) 641-5100
Facsimile: (714) 546-9035

*Attorneys for Plaintiffs Jose Collazo,
Ernest Gambaro, John Hoffman,
and Michael Timmins*

NOTE CHANGES MADE BY THE COURT

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

JOSE COLLAZO, an individual;
ERNEST GAMBARO, an individual;
JOHN HOFFMAN, an individual; and
MICHAEL TIMMINS, an individual,

                    Plaintiffs,

vs.

INFONET SERVICES
CORPORATION, a Delaware
corporation; BT AMERICAS, INC., a
Delaware corporation; BT AMERICAS
HOLDINGS, INC., a
Delaware corporation; INFONET
SUPPLEMENTAL EXECUTIVE
RETIREMENT PLAN; and DOES 1
through 20, inclusive,

                    Defendants.

Case No. CV13-02206 PSG (AGRx)

[PROPOSED] STIPULATED
PROTECTIVE ORDER

FAC Filed: December 22, 2014
Answer Filed: April 22, 2015

NOTE CHANGES MADE BY THE COURT

1    **IT IS HEREBY STIPULATED** by and between plaintiffs Jose Collazo,

2    Ernest Gambaro, John Hoffman, and Michael Timmins (collectively, "Plaintiffs"),

3    on the one hand, and defendants Infonet Services Corporation, BT Americas, Inc.,

4    BT Americas Holdings, Inc., and Infonet Supplemental Executive Retirement Plan

5    (collectively, "Defendants"), on the other hand, by and through their respective

6    counsel of record, that in order to facilitate the exchange of information and

7    documents which may be subject to confidentiality limitations on disclosure due to

8    federal laws, state laws, and privacy rights, Plaintiffs and Defendants (collectively,

9    the "Parties") stipulate as follows:

10        1.    In this Stipulation and Protective Order, the words set forth below

11   shall have the following meanings:

12            a.    "Proceeding" means the above-entitled proceeding, Case No.

13            CV13-02206 PSG (AGRx).

14            b.    "Court" means the Hon. Philip S. Gutierrez, or any other judge

15            to which this Proceeding may be assigned, including Court staff

16            participating in such proceedings.

17            c.    "Confidential" means any information that is in the possession

18            of a Designating Party which is entitled to confidential treatment

19            under applicable California, federal, or other State law.

20            d.    "Confidential – Attorneys' Eyes Only" means any information

21            that is in the possession of a Designating Party, the disclosure of

22            which beyond the attorneys for the Parties would cause substantial

23            and/or irreparable harm to the Designating Party's business operations

24            or interests.  Notwithstanding other provisions of this Stipulation and

25            Protective Order, materials identified as "Confidential – Attorneys'

26            Eyes Only" may only be shared between the attorneys for the Parties.

27            e.    "Confidential Materials" means any Documents, Testimony or

28            Information, as defined below, designated as "Confidential" or

"Confidential – Attorneys' Eyes Only" pursuant to the provisions of this Stipulation and Protective Order.

f.      "Designating Party" means the Party that designates Materials as "Confidential" or "Confidential – Attorneys' Eyes Only."

g.      "Disclose" or "Disclosed" or "Disclosure" means to reveal, divulge, give, or make available Materials, or any part thereof, or any information contained therein.

h.      "Documents" shall mean every original (and every copy of any original or copy which differs in any way from any original) of every writing, or recording of every kind or description, whether handwritten, typed, drawn, printed, or recorded by any physical, mechanical, electronic or electrical means whatever, including without limitation statements prepared by investigators, statements of employees, books, electronic mail, records, papers, pamphlets, brochures, circulars, advertisements, specifications, blueprints, maps, plats, surveys, drawings, sketches, graphs, charts, plans, tests, laboratory or engineering reports, measurements, models, correspondence, communications, telegrams, memoranda, notes, notebooks, worksheets, reports, lists, analyses, summaries, ledgers, books of original entry, journals, accounts, audits, inventories, tax returns, unemployment compensation forms, financial statements, profit and loss statements, cash flow statements, balance sheets, annual or other periodic reports, budgets, prospectuses, registrations, solicitations, minutes, stock ledgers, stock certificates, certificates of deposit, time accounts, passbooks, securities, licenses, permits, calendars, appointment books, diaries, telephone bills and toll call records, expense reports, commission statements, itineraries, agendas, wage and payroll records, employment and personnel records,

1   checkbooks, check stubs, bank statements, canceled checks, receipts,

2   cash disbursements, ledgers, contracts, agreements, instruments,

3   assignments, applications, authorizations, offers, acceptances, bids,

4   proposals, financing statements, documents of title, appraisals,

5   purchase orders, invoices, bills or statements of account, bills of

6   lading, written memorials of oral communications, forecasts,

7   photographs, photographic slides or negatives, films, filmstrips, tapes

8   and recordings.

9       i.      "Information" means the content of Documents or Testimony.

10      j.      "Testimony" means all depositions, declarations or other

11      testimony taken or used in this Proceeding.

12  2.      The Designating Party shall have the right to designate as

13  "Confidential" or "Confidential – Attorneys' Eyes Only" any Documents,

14  Testimony or Information that the Designating Party in good faith believes meets

15  the definition for "Confidential" or "Confidential – Attorneys' Eyes Only" set forth

16  above.

17  3.      The entry of this Stipulation and Protective Order does not alter,

18  waive, modify, or abridge any right, privilege or protection otherwise available

19  to any Party with respect to the discovery of matters, including but not

20  limited to any Party's right to assert the attorney-client privilege, the attorney

21  work product doctrine, or other privileges, or any Party's right to contest any such

22  assertion.

23  4.      Defendants shall produce to Plaintiffs a laptop computer formerly

24  utilized by Charles Christopherson (and potentially other laptop computers or PCs)

25  for forensic inspection by Plaintiffs.  Any Information extracted from Mr.

26  Christopherson's laptop computer will initially be treated as "Confidential –

27  Attorneys' Eyes Only."  Plaintiffs' counsel and their designated forensic review

28  team will have the opportunity to review the information on the laptop computer.

3

1   If after such review, Plaintiffs' counsel identifies information they feel is
2   discoverable in connection with the Proceeding, Plaintiffs' counsel will share such
3   information with Defendants' counsel in attempt to reach a resolution as to the
4   confidential nature of the information. If counsel for the Parties cannot reach
5   resolution, the information will be designated as "Confidential – Attorneys' Eyes
6   Only" and Plaintiffs shall have the right to challenge such designation as set forth
7   in Paragraph 7 of this Stipulation and Protective Order. The laptop computer shall
8   be returned to counsel for Defendants within thirty (30) days of the recovery of
9   Information, or within such timeframe as may be agreed upon by the Parties. It is
10  contemplated that the laptop computer will be shared with a forensic examination
11  team or service provider conducting an examination of the laptop. The forensic
12  examination team or service provider shall execute Exhibit "A" attached hereto
13  and be bound by the "Confidential" designation and related provisions of this
14  Stipulation and Protective Order.

15          5.      Any Documents, Testimony or Information to be designated as
16  "Confidential" or "Confidential – Attorneys' Eyes Only" must be clearly so
17  designated before the Document, Testimony or Information is Disclosed or
18  produced. The "Confidential" and "Confidential – Attorneys' Eyes Only"
19  designation should not obscure or interfere with the legibility of the designated
20  Information.

21                  a.      For Documents (apart from transcripts of depositions or other
22                  pretrial or trial proceedings), the Designating Party must affix the
23                  legend "Confidential" or "Confidential – Attorneys' Eyes Only" on
24                  each page of any Document containing such designated Confidential
25                  Material.
26                  b.      For Testimony given in depositions the Designating Party may
27                  either:
28

      i.   identify on the record, before the close of the deposition, all "Confidential" or "Confidential – Attorneys' Eyes Only" Testimony, by specifying all portions of the Testimony that qualify as "Confidential" or "Confidential – Attorneys' Eyes Only"; or

     ii.   designate the entirety of the Testimony at the deposition as "Confidential" or "Confidential – Attorneys' Eyes Only" (before the deposition is concluded) with the right to identify more specific portions of the Testimony as to which protection is sought within ten (10) days following receipt of the deposition transcript. In circumstances where portions of the deposition Testimony are designated for protection, the transcript pages containing "Confidential" or "Confidential – Attorneys' Eyes Only" Information may be separately bound by the court reporter, who must affix to the top of each page the legend "Confidential" or "Confidential – Attorneys' Eyes Only" as instructed by the Designating Party.

   c.  For Information produced in some form other than Documents, and for any other tangible items, including, without limitation, compact discs or DVDs, the Designating Party must affix in a prominent place on the exterior of the container or containers in which the Information or item is stored the legend "Confidential" or "Confidential – Attorneys' Eyes Only." If only portions of the Information or item warrant protection, the Designating Party, to the extent practicable, shall identify the "Confidential" or "Confidential – Attorneys' Eyes Only" portions.

   6.     The inadvertent production by any of the undersigned Parties or non-Parties to the Proceedings of any Document, Testimony or Information during

5

discovery in this Proceeding without a "Confidential" or "Confidential – Attorneys' Eyes Only" designation shall be without prejudice to any claim that such item is "Confidential" or "Confidential – Attorneys' Eyes Only" and such Party shall not be held to have waived any rights by such inadvertent production. In the event that any Document, Testimony or Information that is subject to a "Confidential" or "Confidential – Attorneys' Eyes Only" designation is inadvertently produced without such designation, the Party that inadvertently produced the document shall give written notice of such inadvertent production within twenty (20) days of discovery of the inadvertent production, together with a further copy of the subject Document, Testimony or Information designated as "Confidential" or "Confidential – Attorneys' Eyes Only" (the "Inadvertent Production Notice"). Upon receipt of such Inadvertent Production Notice, the Party that received the inadvertently produced Document, Testimony or Information shall promptly destroy the inadvertently produced Document, Testimony or Information and all copies thereof, or, at the expense of the producing Party, return such together with all copies of such Document, Testimony or Information to counsel for the producing Party and shall retain only the "Confidential" and "Confidential – Attorneys' Eyes Only" designated Materials. Should the receiving Party choose to destroy such inadvertently produced Document, Testimony or Information, the receiving Party shall notify the producing Party in writing of such destruction within ten (10) days of receipt of written notice of the inadvertent production. This provision is not intended to apply to any inadvertent production of any Information protected by attorney-client or work-product privileges. In the event that this provision conflicts with any applicable law regarding waiver of confidentiality through the inadvertent production of Documents, Testimony or Information, such law shall govern.

[PROPOSED] STIPULATED PROTECTIVE ORDER

7.    In the event that counsel for a Party receiving Documents, Testimony or Information in discovery designated as "Confidential" or "Confidential – Attorneys' Eyes Only" objects to such designation with respect to any or all of such items (the "Counsel for the Objecting Party"), said counsel shall advise counsel for the Designating Party, in writing, of such objections, the specific Documents, Testimony or Information to which each objection pertains, and the specific reasons and support for such objections (the "Designation Objections"). Counsel for the Designating Party shall have thirty (30) days from receipt of the written Designation Objections to give written notification of whether it agrees to de-designate Documents, Testimony or Information pursuant to any or all of the Designation Objections to Counsel for the Objecting Party.  Within thirty (30) days of the deadline established in the previous sentence, if the Designating Party declines such de-designation request or fails to give written notification as provided for herein, Counsel for the Objecting Party may file a motion with the Court seeking to challenge any or all designations on Documents, Testimony or Information addressed by the Designation Objections (the "Designation Motion"). Pending a resolution of the Designation Motion by the Court, any and all existing designations on the Documents, Testimony or Information at issue in such Motion shall remain in place.  The Counsel for the Designating Party shall have the burden on any Designation Motion of establishing the applicability of the "Confidential" or "Confidential – Attorneys' Eyes Only" designation.

8.    Except as otherwise expressly provided herein, Confidential Material shall be revealed only as follows:

    a.    To the Court and its personnel.

    b.    To outside counsel for a Party hereto.

    c.    To secretaries, paralegals, and other staff employed in the offices of such outside counsel who are working on this case.

d.     To court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation.

e.     To the Parties in this action, including in-house counsel and supervisors and managers of corporate parties on a need-to-know basis, provided, however, that any document(s) designated "Confidential – Attorneys' Eyes Only" shall only be disclosed to the non-producing parties' outside counsel and independent experts retained to assist in preparing for the trial of this action, and not to the non-producing parties.

f.     To independent experts and independent consultants retained by outside counsel in good faith to assist in the preparation, settlement, or trial of this case; provided, however, that the experts or consultants sign the statement of Confidentiality attached hereto as Exhibit "A."

g.     To the author of the document or the original source of the Information.

h.     To any mediator or third-party neutral engaged by all Parties to assist in settlement negotiations.

i.     To any other person that the Designating Party agrees to in writing.

9.     Confidential Materials shall be used by the persons receiving them only for the purposes of preparing for, conducting, participating in the conduct of, and/or prosecuting and/or defending the Proceeding, and not for any business or other purpose whatsoever.

10.     Any Party to the Proceeding (or other person subject to the terms of this Stipulation and Protective Order) may ask the Court, after appropriate notice to the other Parties to the Proceeding, to modify or grant relief from any provision of this Stipulation and Protective Order.

11.    Entering into, agreeing to, and/or complying with the terms of this Stipulation and Protective Order shall not:

    a.    operate as an admission by any person that any particular Document, Testimony or Information marked "Confidential" or "Confidential – Attorneys' Eyes Only" contains or reflects trade secrets or proprietary, confidential or competitively sensitive business, commercial, financial or personal information; or

    b.    prejudice in any way the right of any Party (or any other person subject to the terms of this Stipulation and Protective Order):

        i.    to seek a determination by the Court of whether any particular Confidential Material should be subject to protection as "Confidential" or "Confidential – Attorneys' Eyes Only" under the terms of this Stipulation and Protective Order; or

       ii.    to seek relief from the Court on appropriate notice to all other Parties to the Proceeding from any provision(s) of this Stipulation and Protective Order, either generally or as to any particular Document, Material or Information; or

      iii.    to seek any available protection with respect to any Confidential Material, including but not limited to the grounds of admissibility of the evidence, materiality, trial preparation materials, and privilege.

12.    Any Party to the Proceeding who has not executed this Stipulation and Protective Order as of the time it is presented to the Court for signature may thereafter become a Party to this Stipulation and Protective Order by its counsel's signing and dating a copy thereof and filing the same with the Court, and serving copies of such signed and dated copy upon the other Parties to this Stipulation and Protective Order.

9

13.     Any Information that may be produced by a non-Party witness in discovery in the Proceeding pursuant to subpoena or otherwise may be designated by such non-Party as "Confidential" or "Confidential – Attorneys' Eyes Only" under the terms of this Stipulation and Protective Order, and any such designation by a non-Party shall have the same force and effect, and create the same duties and obligations, as if made by one of the undersigned Parties hereto. Any such designation shall also function as consent by such producing Party to the authority of the Court in the Proceeding to resolve and conclusively determine any motion or other application made by any person or Party with respect to such designation, or any other matter otherwise arising under this Stipulation and Protective Order.

14.     If any person subject to this Stipulation and Protective Order who has custody of any Confidential Materials receives a subpoena or other process ("Subpoena") from any government or other person or entity demanding production of Confidential Materials, the recipient of the Subpoena shall promptly give notice of the same by electronic mail transmission, followed by either express mail or overnight delivery to counsel of record for the Designating Party, and shall furnish such counsel with a copy of the Subpoena.  Upon receipt of this notice, the Designating Party may, in its sole discretion and at its own cost, move to quash or limit the Subpoena, otherwise oppose production of the Confidential Materials, and/or seek to obtain confidential treatment of such Confidential Materials from the subpoenaing person or entity to the fullest extent available under law. The recipient of the Subpoena may not produce any Documents, Testimony or Information pursuant to the Subpoena prior to the date specified for production on the Subpoena.

15.     Nothing in this Stipulation and Protective Order shall be construed to preclude either Party from asserting or denying in good faith that certain Confidential Materials require additional protection. The Parties shall meet and confer to agree upon the terms of such additional protection.

16.    If, after execution of this Stipulation and Protective Order, any Confidential Materials submitted by a Designating Party under the terms of this Stipulation and Protective Order are inadvertently disclosed by a non-Designating Party to any person other than in the manner authorized by this Stipulation and Protective Order, the non-Designating Party responsible for the inadvertent disclosure shall bring all pertinent facts relating to the disclosure of such Confidential Materials to the immediate attention of the Designating Party.

17.    This Stipulation and Protective Order is entered into without prejudice to the right of a Designating Party to knowingly waive the applicability of this Stipulation and Protective Order to any Confidential Materials designated by that Party. If the Designating Party uses Confidential Materials in a non-Confidential manner, then the Designating Party shall advise that the designation no longer applies.

18.    The Parties shall follow the Court's instructions that pertain to filing documents under seal in all respects, namely the Court's procedures entitled "E-Mailing Sealed Documents Pilot Program." With respect to discovery motions or other proceedings not governed by any Court instruction or procedures, the following shall apply:    If Confidential Materials or Information derived from Confidential Materials are submitted to or otherwise disclosed to the Court in connection with discovery motions and proceedings, the same shall be separately filed *with an application to file* under seal with the clerk of the Court in an envelope marked: "CONFIDENTIAL – FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER ~~AND WITHOUT ANY FURTHER SEALING ORDER REQUIRED.~~" *in compliance with Local Rule 79-5.*

19.    The Parties shall meet and confer regarding the procedures for use of Confidential Materials at trial and shall move the Court for entry of an appropriate order.

20.    Nothing in this Stipulation and Protective Order shall affect the admissibility into evidence of Confidential Materials, or abridge the rights of any

1  person to seek judicial review or to pursue other appropriate judicial action with

2  respect to any ruling made by the Court concerning Confidential Materials.

3      21.    This Stipulation and Protective Order shall continue to be binding

4  after the conclusion of this Proceeding and all subsequent proceedings arising from

5  this Proceeding, except that a Party may seek the written permission of the

6  Designating Party or may move the Court for relief from the provisions of this

7  Stipulation and Protective Order.  To the extent permitted by law, the Court shall

8  retain jurisdiction to enforce, modify, or reconsider this Stipulation and Protective

9  Order, even after the Proceeding is terminated.

10      22.    Upon written request made within thirty (30) days after the settlement

11  or other termination of the Proceeding, the undersigned Parties shall have thirty

12  (30) days to either (a) promptly return to counsel for each Designating Party all

13  Confidential Materials and all copies thereof (except that counsel for each Party

14  may maintain in its files, in continuing compliance with the terms of this

15  Stipulation and Protective Order, all work product, and copies of the pleadings

16  filed with the Court, (b) agree with counsel for the Designating Party upon

17  appropriate methods and certification of destruction or other disposition of such

18  Confidential Materials at the expense of the Designating Party or (c) as to any

19  Documents, Testimony or other Information not addressed by sub-paragraphs

20  (a) and (b), file a motion seeking a Court order regarding proper preservation

21  of such Materials. To the extent permitted by law the Court shall retain

22  continuing jurisdiction to review and rule upon the motion referred to in sub-

23  paragraph (c) herein.

24      23.    After this Stipulation and Protective Order has been signed by counsel

25  for all Parties, it shall be presented to the Court for entry.  Counsel agree to be

26  bound by the terms set forth herein with regard to any Confidential Materials that

27  have been produced before the Court signs this Stipulation and Protective Order.

28

[PROPOSED] STIPULATED PROTECTIVE ORDER

24.    The Parties and all signatories to the Certification attached hereto as Exhibit "A" agree to be bound by this Stipulation and Protective Order pending its approval and entry by the Court.  In the event that the Court modifies this Stipulation and Protective Order, or in the event that the Court enters a different Protective Order, the Parties agree to be bound by this Stipulation and Protective Order until such time as the Court may enter such a different Order.  It is the Parties' intent to be bound by the terms of this Stipulation and Protective Order pending its entry so as to allow for immediate production of Confidential Materials under the terms herein.

This Stipulation and Protective Order may be executed in counterparts.

Dated:  October 9, 2015                    PROSKAUER ROSE LLP


                                           /s/ Enzo Der Boghossian
                                           _____
                                           ENZO DER BOGHOSSIAN
                                           Attorneys for Defendants,
                                           INFONET SERVICES CORP.,
                                           BT AMERICAS, INC.,
                                           BT AMERICAS HOLDINGS, INC. and
                                           INFONET SUPPLEMENTAL
                                           EXECUTIVE RETIREMENT PLAN


Dated:  October 9, 2015                    RUTAN & TUCKER LLP


                                           /s/ Gerard Mooney
                                           _____
                                           RICHARD HOWELL
                                           GERARD MOONEY
                                           Attorneys for Plaintiffs,
                                           JOSE COLLAZO, ERNEST
                                           GAMBARO, JOHN HOFFMAN, and
                                           MICHAEL TIMMINS

13

1

## ORDER

2          **GOOD CAUSE APPEARING**, the Court hereby approves this Stipulation and

3  Protective Order.

4          **IT IS SO ORDERED**.

5

6  Dated: 10|13|15                              *Alicia G. Rosenberg*

7                                               The Hon. Alicia G. Rosenberg

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT A**

**CERTIFICATION RE CONFIDENTIAL DISCOVERY MATERIALS**

I hereby acknowledge that I, _____ [NAME],

_____ [POSITION AND

EMPLOYER], am about to receive Confidential Materials supplied in connection with the

Proceeding, CV13-02206 PSG (AGRx).  I certify that I understand that the Confidential

Materials are provided to me subject to the terms and restrictions of the Stipulation and

Protective Order filed in this Proceeding. I have been given a copy of the Stipulation and

Protective Order; I have read it, and I agree to be bound by its terms.

I understand that Confidential Materials, as defined in the Stipulation and Protective

Order, including any notes or other records that may be made regarding any such materials, shall

not be Disclosed to anyone except as expressly permitted by the Stipulation and Protective

Order.  I will not copy or use, except solely for the purposes of this Proceeding, any Confidential

Materials obtained pursuant to this Protective Order, other than as provided therein or otherwise

ordered by the Court in the Proceeding.

I further understand that I am to retain all copies of all Confidential Materials provided to

me in the Proceeding in a secure manner, and that all copies of such Materials are to remain in

my personal custody until termination of my participation in this Proceeding, whereupon the

copies of such Materials will be returned to counsel who provided me with such Materials.

I declare under penalty of perjury, under the laws of the State of California, that the

foregoing is true and correct. Executed this _____ day of _____, 20___, at

_____.

Dated: _____        By: _____

                                       Title: _____

                                       Address: _____

                                       _____

                                       _____

                                       Telephone No.: _____

[PROPOSED] STIPULATED PROTECTIVE ORDER